**Electronically Filed
Intermediate Court of Appeals
CAAP-10-0000235
09-JUN-2011
08:25 AM**

NO. CAAP-10-0000235

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

LESLIE WATSON, JR. and BERA ARON, Plaintiffs-Appellees, v.
MILAGROS SYLVESTER, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 1RC10-1-4588)

ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Nakamura, Chief Judge, Leonard and Ginoza, JJ.)

Upon review of the record, it appears that we do not have jurisdiction over the appeal that Defendant-Appellant Milagros Sylvester (Appellant Sylvester) has asserted from the proceedings before the Honorable Steven M. Nakashima, because the record on appeal does not contain a written order or written judgment that resolves the parties' claims in this case.

Appeals from civil cases in district court may be taken pursuant to Hawaii Revised Statutes (HRS) § 641-1(a) (1993 & Supp. 2010).

Pursuant to HRS § 641-1(a) (1993), appeals are allowed in civil matters from all final judgments, orders, or decrees of circuit and district courts. In district court cases, a judgment includes any order from which an appeal lies. . . . A final order means an order ending the proceeding, leaving nothing further to be accomplished. . . . When a written judgment, order, or decree ends the litigation by fully deciding all rights and liabilities of all parties, leaving nothing further to be adjudicated, the judgment, order, or decree is final and appealable.

_Casumpang v. ILWU, Local 142_, 91 Hawai'i 425, 426, 984 P.2d 1251, 1252 (1999) (citations, internal quotation marks, and footnote omitted; emphases added). The separate judgment document rule under Rule 58 of the Hawai'i Rules of Civil Procedure (HRCP) and the holding in _Jenkins v. Cades Schutte Fleming & Wright_, 76 Hawai'i 115, 869 P.2d 1334 (1994), is

> not applicable to district court cases. Consequently, <u>an order that fully disposes of an action in the district court may be final and appealable</u> without the entry of judgment on a separate document, <u>as long as the appealed order ends the litigation</u> by fully deciding the rights and liabilities of all parties <u>and leaves nothing further to be adjudicated</u>.

_Casumpang v. ILWU, Local 142_, 91 Hawai'i at 427, 984 P.2d at 1253 (emphases added). The final judgment or order must be in writing, because an "oral decision is not an appealable order." _KNG Corp. v. Kim_, 107 Hawai'i 73, 77, 110 P.3d 397, 401 (2005) (citing Rule 4(a)(5) of the Hawai'i Rules of Appellate Procedure (HRAP)). "A judgment or order is entered when it is filed in the office of the clerk of the court." HRAP Rule 4(a)(5). "In civil cases before the district court, the filing of the judgment in the office of the clerk constitutes the entry of the judgment; and the judgment is not effective before such entry." _KNG Corp. v. Kim_, 107 Hawai'i at 77, 110 P.3d at 401 (quoting District Court Rules of Civil Procedure Rule 58; internal quotation marks and brackets omitted).

The record on appeal does not contain an appealable judgment or appealable order. "It is the responsibility of each appellant to provide a record, as defined in Rule 10(a) and the Hawai'i Court Records Rules, that is sufficient to review the points asserted and to pursue appropriate proceedings in the

court or agency from which the appeal is taken to correct any omission." HRAP Rule 11(a) (quoted in part, as amended August 30, 2010, effective September 27, 2010). Absent an appealable judgment or appealable order, Appellant Sylvester's appeal is premature and we lack appellate jurisdiction.

> [J]urisdiction is the base requirement for any court considering and resolving an appeal or original action. Appellate courts, upon determining that they lack jurisdiction shall not require anything other than a dismissal of the appeal or action. Without jurisdiction, a court is not in a position to consider the case further. Thus, appellate courts have an obligation to insure that they have jurisdiction to hear and determine each case. The lack of subject matter jurisdiction can never be waived by any party at any time. Accordingly, when we perceive a jurisdictional defect in an appeal, we must, sua sponte, dismiss that appeal.

Housing Fin. and Dev. Corp. v. Castle, 79 Hawai'i 64, 76, 898 P.2d 576, 588 (1995) (citation, internal quotation marks, and ellipsis points omitted; emphasis added); Pele Defense Fund v. Puna Geothermal Venture, 77 Hawai'i 64, 69 n.10, 881 P.2d 1210, 1215 n.10 (1994). Therefore,

IT IS HEREBY ORDERED that Appeal No. CAAP-10-0000235 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, June 9, 2011.

Chief Judge

Associate Judge

Associate Judge